STATE OF MISSOURI, Appellant, v. W. H. BUSH, Respondent.

Springfield Court of Appeals, December 6, 1922.

INTOXICATING LIQUORS: Possession and Transportation of Liquor Acquired from One Not Authorized to Sell, Held Unlawful. Under Revised Statutes 1919, section 6588, as amended by Acts of 1921, p. 414, making it unlawful to possess or transport intoxicating liquor, and providing that the act shall not be construed so as to prohibit the possession of intoxicating liquor, in the private residence of the owner thereof, when such intoxicating liquor has been lawfully acquired and is being lawfully used, the possession or transportation of intoxicating liquor acquired from one, who had no authority to sell it, is unlawful, though not possessed or transported for the purpose of sale or delivery to some other person.

Appeal from Phelps County Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. Ellis Walker* for appellant.

No appearance for respondent.

COX, P. J.—This is an appeal by the State from an order and judgment of the circuit court quashing an information filed by the prosecuting attorney charging respondent with having in his possession unlawfully, and unlawfully transporting, intoxicating liquor. The information is in two counts. The first count attempts to charge unlawful possession and the second count unlawful transportation.

The information is based on section 6588, Revised Statutes 1919, as amended by Acts of 1921, page 414. This statute in so far as this information is concerned is as follows: "It shall be unlawful for any person . . . to manufacture, sell, possess, give away, or transport intoxicating liquors within . . . the State of Missouri except as hereinafter provided . . . and provided further that nothing in this act contained shall be so construed as to prevent or prohibit the possession of intoxicating liquor in the private residence of the owner thereof when such intoxicating liquor has been lawfully acquired and being lawfully used."

The information omitting formal parts is as follows:

"J. Ellis Walker, Prosecuting Attorney within and for the County of Phelps and the State of Missouri, upon his oath of office as such prosecuting attorney now and here informs the court that on the fourth day of March, 1922, in the County of Phelps and the State of Missouri, one W. H. Bush, did then and there wilfully, unlawfully and knowingly possess and have in his possession for his own use, for beverage purposes, certain fermented and distilled intoxicating liquors, to-wit, one pint of whiskey, the aforesaid intoxicating liquors was then and there potable and capable of being used for beverage purposes, and the aforesaid whiskey containing more than one-half of one per cent of alcohol per volume. And the aforesaid whiskey was not then and there lawfully acquired having been purchased by defendant from some person to this prosecuting attorney unknown who was

not authorized by law to sell it and was not then and there being lawfully used by the aforesaid W. H. Bush; against the peace and dignity of the State.

"And the Prosecuting Attorney, aforesaid, upon his oath aforesaid, in and for the County and State aforesaid, further informs the Court that on the fourth of March, 1922, in the County of Phelps and the State of Missouri, one W. H. Bush, did then and there willfully and unlawfully transport, for his own use, intoxicating liquors for beverage purposes, to-wit: one pint of whiskey from a place unknown to this Prosecuting Attorney in Phelps County, Missouri, to a place certain in Phelps County, Missouri, to-wit: at and into the public streets of the city of Rolla, in Phelps County, Missouri, certain fermented distilled intoxicating liquors, to-wit: One pint of whiskey, which said intoxicating liquors were then and there potable and capable of being used for beverage purposes, and the aforesaid whiskey containing more than one-half of one per cent of alcohol per volume, and the aforesaid whiskey was not then and there lawfully acquired having been purchased by defendant from some person to the prosecuting attorney unknown who was not authorized by law to sell it and was not then and there lawfully used by the aforesaid W. H. Bush; against the peace and dignity of the State."

The motion to quash the first count of the information specified the following grounds:

First: Because said count does not charge the defendant with any offense known to the law of the State of Missouri.

Second: Because said count does not charge that the defendant had the possession of said alleged intoxicating liquor for the purpose of sale or delivery to some other person.

The objections to the second count were:

First: That it charged no offense.

Second: That it did not charge that defendant transported the liquor for the purpose of sale or delivery to some other person.

The only question presented by this record for our determination is whether the acts charged in either count of this information are forbidden by the statute above set out. The first part of the statute makes it unlawful to possess or transport intoxicating liquor except as thereafter provided. The exception provides that the statute shall not be construed to prevent or prohibit the possession of intoxicating liquor in the private residence of the owner thereof when such intoxicating liquor has been lawfully acquired and is being lawfully used. The information charged that the intoxicating liquor which defendant is charged to have had in his possession was not lawfully acquired by him and then sets forth the manner in which defendant did acquire it, to-wit, by purchasing it from some unknown person who was not authorized to sell it. The second count made the same charge as to the manner of acquiring the liquor. Other sections of the law specify who may sell intoxicating liquors and the purposes for which it may be sold and the manner in which it may be obtained by the person desiring to purchase it. The charge in the information that the liquor was not lawfully acquired and was bought from a person not authorized to sell it simply meant that defendant had in his possession intoxicating liquor that had not been obtained by him in the manner provided by law. That is the very thing the statute is intended to prohibit. This section of the statute, when read and construed in connection with the provisions of other sections of the statute which provide how intoxicating liquors may lawfully be obtained, clearly means that a person who may have in his possession intoxicating liquor obtained in any way other than that provided by the statute shall be deemed to have such liquor in his possession unlawfully and that he shall be subject to the penalty provided for the violation of the act. With the wisdom of the provisions of the statute we are not concerned. The only question before us is whether or not the possession or transportation of intoxicating liquor which has not been obtained in the manner authorized by law is for-

bidden by the terms of the statute as written. We think it is and that the information which charges the violation of that statute is good.

The judgment will be reversed and the cause remanded with directions to set aside the order quashing the information and enter an order overruling the motion to quash it. *Farrington* and *Bradley, JJ.,* concur.